IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUSSELL PEPPERS,

    Plaintiff,

v.    No. CIV-01-0402 JC/LFG

WACKENHUT CORRECTIONS
CORPORATION, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a number of motions to dismiss (Doc. #17, #19, #21, #23, #25) filed by Defendants New Mexico Department of Corrections, Perry, and Shanks (the "State Defendants" or "Defendants"). The latest of the motions was filed January 4, 2002, and Plaintiff has not responded to any of them. *See* D.N.M.LR-Civ. 7.5(b) (failure to respond "constitutes consent to grant the motion"). For the reasons below, the motions will be granted in part, and certain of Plaintiff's claims will be dismissed.

Plaintiff's claims arise from his placement for three months in a special administrative segregation unit following a disturbance at a correctional facility operated by Defendant Wackenhut in Guadalupe County, New Mexico. Plaintiff claims that Defendants' stated reason for placing him in the segregation unit, i.e., protecting him as a state's witness after the disturbance, was pretextual. He made it clear that he would not testify about the disturbance, and claims he was actually being punished for marrying a former Wackenhut employee. Inmates in the special unit soon became known as "snitches," and Plaintiff fears for his well-being since the placement. During segregation,



he was also deprived of a number of privileges previously available to him. The complaint asserts claims for violations of a number of federal constitutional and statutory protections, as well as state law, and seeks damages.

## Motion to Dismiss No. I

The first of Defendants' motions (Doc. #17) seeks dismissal of Plaintiff's damages claims for failure to allege physical injury as required by 42 U.S.C. § 1997e(e) or, alternatively, of all claims against Defendants in their official capacities, equal protection claims, and certain punitive damages claims.

First, the absence of physical injury does not necessarily act as a categorical bar to a civil rights action. "Courts have generally construed [§ 1997e(e)] as a limitation on the relief a prisoner can receive for injuries suffered while in custody." *Perkins v. Kansas Dep't of Corrections*, 165 F.3d 803, 807 (10th Cir. 1999) (citing *Zehner v. Trigg*, 133 F.3d 459, 463 (7th Cir. 1997)). If, however, the only injury claimed is mental or emotional, " 'such a suit cannot stand.' " *Perkins*, 165 F.3d at 807 (quoting *Zehner*, 133 F.3d at 461). As stated by the Seventh Circuit, "if the only form of injury claimed in a prisoner's suit is mental or emotional (for example, if the prisoner claimed that the small size of his cell was driving him crazy), the suit is barred in its entirety." *Robinson v. Page*, 170 F.3d 747, 749 (7th Cir. 1999). "On a more general level, this court has held that 'the Eighth Amendment may be implicated not only [by] physical injury, but also by the infliction of psychological harm." *DeSpain v. Uphoff*, 264 F.3d 965, 973 n.2 (10th Cir. 2001) (quoting *Benefield v. McDowall*, 241 F.3d 1267, 1272 (10th Cir. 2001)). As further discussed below, Plaintiff's Eighth Amendment claim will not be dismissed under § 1997e(e).

Defendants' second ground is that they are immune to claims against them in their official

2

capacities.[1] Defendants correctly argue these claims are equivalent to claims against the State itself, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), and thus allegations against these Defendants fail to state claims against "persons" for purposes of §1983. *Will*, 491 U.S. at 71. Plaintiff's claims against Defendants in their official capacities will be dismissed.

Defendants correctly contend that Plaintiff's allegations do not support an equal protection claim. Plaintiff "is not a member of a suspect class nor did [his administrative segregation amount to] the deprivation of a fundamental right." *May v. Oklahoma Dep't of Corrections*, No. 99-6267, 2000 WL 633244, at **4 (10th Cir. May 17, 2000). The equal protection claim will be dismissed. And last, Plaintiff's claims for punitive damages under the New Mexico Tort Claims Act, N.M. Stat. Ann. §§ 41-4-1 to -29 (Michie 1996 and Cum. Supp. 2001), are precluded in the statute and will be dismissed. § 41-4-19(B); *Folz v. State*, 797 P.2d 246, 257 (N.M. 1990).

## Motion to Dismiss No. II

The second motion to dismiss asserts that Plaintiff's allegations regarding his placement, transfer, and administrative segregation fail to state a claim for violation of his due process rights. Defendants also assert qualified immunity to this claim. "[S]tate and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution." *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992). Absent some prohibited reason for the transfer, such as discrimination or retaliation for the exercise of a constitutional right, the transfer itself cannot be challenged. *See id.*; *Frazier v. Dubois*, 922 F.2d 560, 561-62 (10th Cir. 1990); *see also Meachum v. Fano*, 427 U.S. 215, 225 (1976). Furthermore, Plaintiff's allegations of re-classification and

---

[1] In this regard Defendants distinguish Plaintiff's damages claims from those for injunctive relief. The complaint, however, seeks no injunctive relief.

segregation do not support procedural, *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994) (no due process rights to a particular classification); *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (liberty interests limited to freedom from significant hardship atypical of ordinary incidents of prison life), or substantive due process claims, *see Sandin*, 515 U.S. at 486 (no substantive violation where solitary conditions "mirrored those conditions . . . in administrative segregation"). The second motion will be granted on the merits.

## Motion to Dismiss No. III

The third motion to dismiss must be denied. Here Defendants argue that Plaintiff's allegations of mistreatment do not support an Eighth Amendment claim for cruel or unusual punishment. The false labeling of a prisoner as a "snitch" in an effort to encourage abuse by other prisoners is a clear violation of the Eighth Amendment. *See Northington v. Jackson*, 973 F.2d 1518, 1525 (10th Cir. 1992). Where prison officials intend to harm a prisoner by a particular placement, "it is as if the officials inflicted that pain and humiliation themselves.' " *Id.* (quoting *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991); *and see Proenza v. Greco*, 3 Fed. Appx. 742, 745 (10th Cir. 2001) (Eighth Amendment claims stated by allegations that defendant's actions "posed a 'substantial risk of danger' "). And contrary to Defendants' argument, "a subjective approach to deliberate indifference does not require a prisoner seeking 'a remedy for unsafe conditions [to] await a tragic event [such as an] actua[l] assaul[t] before obtaining relief.' " *Farmer v. Brennan*, 511 U.S. 825, 845 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 33-34 (1993)). Plaintiff's Eighth Amendment claim will not be dismissed.

## Motion to Dismiss No. IV

Defendants' fourth motion seeks dismissal of Plaintiff's conspiracy and Fourth Amendment

4

claims. A court must proceed with caution when considering the pre-trial dismissal of conspiracy allegations in civil rights proceedings because of the difficult nature of the proof involved. *Fisher v. Shamburg*, 624 F.2d 156, 162 (10th Cir. 1980). At the same time, however, "mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). A "court . . . should dismiss claims which are supported only by vague and conclusory allegations." *Northington*, 973 F.2d at 1521 (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Plaintiff's only factual allegation possibly relating to "agreement and concerted action," *Sooner Products*, 708 F.2d at 512, is that he was advised by Wackenhut officials that "they were in frequent contact with State officials concerning Plaintiff's placement in segregation." This allegation does not satisfy the requirement in *Sooner Products*. Plaintiff's § 1983 conspiracy claim will be dismissed.

Furthermore, Plaintiff's allegations do not implicate the provisions of § 1985 or § 1986. "'[I]n the absence of allegations of class based or racial discriminatory animus, the complaint fails to state a claim under §1985,'" *Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994) (quoting *Campbell v. Amax Coal Co.*, 610 F.2d 701, 702 (10th Cir. 1979) (per curiam), and "there can be no valid claim under § 1986 of neglect to prevent a known conspiracy, in the absence of a conspiracy under § 1985," *Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984). The motion to dismiss conspiracy claims will be granted.

Defendants also seek dismissal of Plaintiff's claims under the Fourth Amendment. They argue that cell searches and strip searches of Plaintiff were reasonably related to penological interests. The complaint, however, contains no allegation of strip searches or, for that matter, any

5

other search or seizure. The motion to dismiss Plaintiff's claims under the Fourth Amendment will be granted.

## Motion to Dismiss No. V

In their fifth motion to dismiss, Defendants contend that Plaintiff's allegations of state constitutional and common law violations should be dismissed for failure to state a claim, or on grounds of sovereign and qualified immunity, or as a discretionary matter of supplemental jurisdiction. The motion will be granted because the State Defendants are immune to these claims. The New Mexico Tort Claims Act (the "Act") provides, with certain enumerated exceptions, immunity to tort liability for state entities and employees. *See* §§ 41-4-4 through -12. This immunity includes claims of constitutional violations, *Chavez v. City of Albuquerque*, 952 P.2d 474, 477 (N.M. Ct. App. 1997), and thus the question is whether waivers of immunity in the Act include the named Defendants or the alleged conduct. *See, e.g., Archibeque v. Moya*, 866 P.2d 344, 346 (N.M. 1993). First, it is settled that the secretary of corrections and prison wardens are not law enforcement officers for purposes of the Act, *Anchondo v. Corr. Dep't*, 666 P.2d 1255, 1258 (N.M. 1983); *Wittkowski v. State*, 710 P.2d 93, 96 (N.M. Ct. App. 1985), *overruled on other grounds, Silva v. State*, 745 P.2d 380 (N.M. 1987), and thus immunity is not waived for the named New Mexico Defendants under § 41-4-12. And second, the actions complained of by Plaintiff are not in a category of conduct for which immunity is waived. *See* §§ 41-4-6, -9; *Archibeque*, 866 P.2d at 348-49 (administrators do not "operate" or "maintain" prison facilities for purposes of the Act). Defendants' motion to dismiss Plaintiff's state law claims will be granted.

Judgment will be entered on Plaintiff's claims in favor of the State Defendants as described above. Dismissal of these claims is "an ultimate disposition of an individual claim entered in the

course of a multiple claims action." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956), *quoted in Wheeler Mach. Co. v. Mountain States Mineral Enter., Inc.*, 696 F.2d 787, 789 (10th Cir. 1983). The Court therefore expressly determines that there is no just reason for delay of entry of judgment on the order of dismissal, and will direct entry of final judgment in favor of these Defendants as indicated below. Fed.R.Civ.P. 54(b).

IT IS THEREFORE ORDERED as follows:

- To the extent Defendants' first motion (Doc. #17) seeks dismissal under 42 U.S.C. § 1997e(e) of Plaintiff's claims, the motion is DENIED; otherwise the motion is GRANTED;

- Defendants' motion to dismiss No. III (Doc. #21) is DENIED;

- Defendants' motions to dismiss Nos. II, IV, and V (Doc. #19, #23, and #25) are GRANTED; and a form of judgment will be entered in accordance with Fed.R.Civ.P. 54(b).

/s/ John Edwards
UNITED STATES DISTRICT JUDGE