# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RUSSELL PEPPERS,

    Plaintiff,

v.                                                                   Civil No. 01-0402 WJ/LFG

WACKENHUT CORRECTIONS
CORPORATION, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon a Motion to Dismiss No. VI by the Defendant State of New Mexico, filed April 2, 2002 **(Doc. 33)**. Defendant seeks to dismiss Plaintiff's claims based on his failure to exhaust administrative remedies under the Prison Litigation Reform Act. Plaintiff's claims arise from his placement for three months in a special administrative segregation unit following a disturbance at a correctional facility operated by Defendant Wackenhut in Guadalupe County, New Mexico. Plaintiff claims that Defendants' stated reason for placing him in the segregation unit, i.e., protecting him as a state's witness after the disturbance, was pretextual and that Wackenhut was actually punishing him for marrying a former Wackenhut employee.

The Court has dismissed many of Plaintiff's claims, but denied Defendant's motion to dismiss Plaintiff's claim brought under the Eighth Amendment. (Doc. 28).[1] This claim is premised on falsely labeling him as a "snitch," thereby encouraging abuse by other inmates. As noted by the Court with respect to Defendant's other motions, Plaintiff has not responded to this one either, which constitutes "consent to grant the motion" under our local rules. See D.N.M. LR-Civ. 7.5(b). However, I also find

---

[1] Defendant's Motions to Dismiss Nos. I, II, III, IV, and V were addressed by Senior Judge John E. Conway, who was assigned the case at the time.

that Defendant's motion presents another basis for dismissal.

The Prisoner Litigation Reform Act ("PLRA") requires prison inmates to complete the prison administrative process before suing over prison conditions, regardless of whether a plaintiff is suing for injunctive relief or money damages. See Booth v. Churner et al, 531 U.S. 956 (S.Ct. 2001). Under the recent Supreme Court decision, Porter v. Nussle, exhaustion is mandatory. 122 S.Ct. 983, 984 (2002) ("resort to a prison grievance process *must* precede resort to a court")(emphasis added); see Grimsley v. Rodrequez, 113 F.3d 1246 (Table), 1997 WL 235613 (10th Cir. 1997) (requirement for exhaustion is not just a technicality, but rather the law which federal courts are required to follow).

In his complaint, Plaintiff did not allege that he filed, much less exhausted, an administrative grievance with Guadalupe County Corrections Facility ("GCCF") regarding the harm he suffered as a result of his placement in administrative segregation or being labeled a "snitch." See Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir.), cert. den. 525 U.S. 833 1998) (prisoners filing §1983 cases involving prison conditions must allege and show that they have exhausted administrative remedies; a prisoner should attach to the § 1983 complaint the administrative decision, if it is available showing the administrative disposition of his complaint).

**THEREFORE,**

**IT IS ORDERED** that Defendant State of New Mexico's Motion to Dismiss No. VI **(Doc. 33)** is hereby GRANTED in that Plaintiff's remaining claims are DISMISSED WITHOUT PREJUDICE in their entirety.

_____
UNITED STATES DISTRICT JUDGE